MILLER *v.* STATE.

5056                                    362 S. W. 2d 443

Opinion delivered December 10, 1962.

*W. S. Atkins,* for appellant.

*Frank Holt,* Atty. General, by *Russell J. Wools,* for appellee.

SAM ROBINSON, Associate Justice.  On the 4th day of April, 1962, the appellant, John H. Miller, was convicted on a charge of grand larceny, growing out of the alleged stealing of an automobile.  At the trial, the State used as a witness, Jacqueline Sartin Miller.  The evidence shows that she entered into a ceremonial marriage with appel-

lant at Juarez, Mexico on the 3rd day of September, 1961, and subsequently they lived together as man and wife.

Of course, if Jacqueline is the legal wife of appellant she could not testify against him, but the State contends that she is not his legal wife because on March 29, 1960, appellant had married Betty Lee Handy in East Baton Rouge Parish, Louisiana; and further, that the marriage performed in Mexico is not valid because Jacqueline was only 17 years of age at the time.

There is no evidence that a 17-year-old female cannot enter into a valid marriage contract in Mexico, and we do not take judicial notice of foreign laws. 29 Am. Jur. 69. A marriage valid where contracted is valid anywhere. *State* v. *Graves,* 228 Ark. 378, 307 S. W. 2d 545.

Although there is evidence that appellant married another woman in Louisiana in April, 1960, there is no evidence that such marriage had not been dissolved at the time of appellant's marriage to Jacqueline in Mexico. The law presumes that a marriage is valid, and the mere fact that appellant had been married on another occasion, and no showing that such marriage had not been dissolved, is not sufficient to overcome the presumption of the validity of the second marriage. "Where the marriage is established by evidence, it is presumed to be regular and valid and the burden of proof is upon the party attacking it." *Yocum* v. *Holmes,* 222 Ark. 251, 258 S. W. 2d 535.

No presumption of law is much stronger than the presumption that a marriage is lawful, innocent and not criminal. In *Estes* v. *Merrill,* 121 Ark., 361, 181 S. W. 136, the Court said: "So strong is this presumption and the law is so positive in requiring the party who asserts the illegality of a marriage to take the burden of proving it, that such requirement obtains even though it involves the proving of a negative, and although it is shown that one of the parties had contracted a previous marriage, and the existence of the wife or husband of the former marriage at the time of the second marriage is established by proof, it is not sufficient to overcome the presumption of the validity of the second marriage, the law presuming

rather that the first marriage has been dissolved by divorce, in order to sustain the second marriage.'' See also *Latham* v. *Latham,* 175 Ark. 1037, 1 S. W. 2d 67.

Appellant also complains of the Court's failure to give a requested instruction, but we find no error in that respect.

Because of the error in admitting the testimony of Jacqueline Miller, the cause is reversed and remanded for a new trial.