WHERRY *v.* WHERRY.

5-3519                                           389 S. W. 2d 277

Opinion delivered May 17, 1965.

*E. V. Trimble,* for appellant.

*James A. Ross,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an appeal by Mary Wherry from a judgment of the Probate

Court of Drew County, finding and declaring Sarah Wherry—rather than Mary Wherry—to be the lawful surviving widow of William Wherry, who died on June 5, 1961.

The appeal must fail since appellant did not bring to this Court within due time any of the evidence heard by the Trial Court. The following are the factual dates:

(a) The judgment of the Probate Court was filed May 12, 1964.

(b) The notice of appeal was filed June 1, 1964.

(c) The order extending the time for filing the appeal in the Supreme Court ''to the full statutory time'' was filed July 28, 1964.

(d) The transcript—containing only the pleadings, findings, and judgment of the Probate Court, and the notice of appeal—was filed in this Court on November 12, 1964.

(e) On April 22, 1965, there was tendered to the Clerk of the Supreme Court for filing what purported to be a transcription of the testimony heard by the Probate Court and on which the judgment was based. These pages were certified by the Court Reporter under date of January 21, 1965, but not tendered to the Clerk of the Supreme Court until April 22, 1965.

It is obvious that the filing of the testimony was entirely too late[1] (see Ark. Stat. Ann. §27-2127.1 [Repl. 1962]); and in the absence of the evidence, the appellant has no foundation on which to base an argument that the findings of the Trial Court are contrary to the preponderance of the evidence.

The real question in the Probate Court was which of the parties—i.e., Mary Wherry, the first wife, or Sarah Wherry, the second wife—was the lawful surviving widow of the deceased. The Probate Court had jurisdiction to determine this matter; and heard evidence and rendered an Opinion which we copy in extenso:

[1] There was no petition for certiorari to complete the transcript filed on November 12, 1964.

"This is a proceeding for the determination of the lawful widow of the decedent.

"Mary Wherry, hereinafter referred to as 'Mary' and Sarah Wherry, hereinafter referred to as 'Sarah,' each contends to be the lawful widow of the decedent.

"Mary was married to the decedent in Drew County, Arkansas, on September 4, 1921. Sarah was married to the decedent in Drew County, Arkansas, on January 23, 1952. There were no children born of either marriage. The decedent died intestate on June 5, 1961, and left surviving no child, children, or their descendants, but certain heirs at law, the names of which are not in issue.

"Mary and the decedent, hereinafter called 'William' separated in Drew County, Arkansas, in 1923, and did not cohabit as man nad wife thereafter, except in the 1940's while Mary was visiting her father in Drew County, they saw each other, and there is an indication that intimacy resulted from these visitations. Mary went to Lincoln County, Arkansas, and there she made an effort to secure a divorce, but she stated the effort was unsuccessful because she lacked the nceessary finances. The proof indicates that during this period the employer of William at the Arkansas A. & M. College was assisting him with some 'divorce papers.' Mary later left Lincoln County and went to Jefferson County, Arkansas. She remained there for a period and then returned to Lincoln County, and from there went to the State of Washington. She remained there for a time and returned to Pulaski County, Arkansas. In the 1940's she spent eleven months in Drew County, Arkansas, visiting her father. - Since her separation from William she married a man named Green and still bears his name. She married him on the then assumption that she was divorced from William. She testified that she had never been divorced from William.

"After the separation of Mary and William, he has lived in Drew, Garland, Union, and Ouachita Counties, Arkansas, and was in the Armed Services in World War II.

"Sarah and William lived together as husband and wife from the date of their marriage until his death.

"The Chancery Court records of Drew County, Arkansas, do not show a divorce decree wherein William and Mary were divorced.

"*Applicable Authority*

"Miller v. State, 235 Ark. 880, 362 SW (2) 443. Miller v. Miller, 237 Ark. 66, 371 SW (2) 511.

### "RESOLVING THE ISSUES

"The case of *Miller* v. *Miller, supra,* so completely covers the issues in this action that it is adopted as authority and the findings herein made in conformity therewith.

### "CONCLUSION

"1. The plea of Mary should be denied;

"2. Sarah is the lawful widow of William;

"3. The heirship should be found as shown by the facts;

"4. The response of Sarah should be granted;

"5. The estate should pay all costs of this proceeding;

"6. The attorney for Sarah should prepare precedent in conformity with these findings and submit to the attorney for Mary for approval as to form.

"Dated 2 day of March, 1964.

/s/ James Merritt,
Probate Judge."

On the face of the record the judgment of the Probate Court was correct as to the law; and an examination of the transcription of the evidence (even though filed too late) convinces us that the judgment of the Probate Court was correct as to the facts.

Affirmed, with appellant to pay the costs of the appeal.